[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 25, 2011
JOHN LEY
CLERK

No. 09-15197
Non-Argument Calendar
_____

Agency Nos. A079-494-212
A079-494-213

SUSANNA SIMONYAN,
SAMUEL SIMONYAN,
VAHAN SIMONYAN,
MARGARIT SIMONYAN,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(August 25, 2011)

Before EDMONDSON, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioner-Appellant Susanna Simonyan, a native and citizen of Armenia, petitions for review of the final order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of her claims for asylum and withholding of removal under the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq*. ("INA"), and relief under the United Nations Convention Against Torture ("CAT"). No reversible error has been shown.

Petitioner filed an application for asylum, withholding of removal, and CAT relief based on membership in a particular group and political party. Petitioner's husband and children were named as derivative beneficiaries. Petitioner conceded removability.

The IJ denied Petitioner's application after making an adverse credibility determination.[1] The IJ noted "massive" contradictions and inconsistencies between Petitioner's asylum application, her sworn affidavit attached to that application, her testimony -- under oath -- before the asylum officer, and her sworn testimony in court. The IJ also stated that independent of his adverse credibility finding, Petitioner was entitled to no relief because she failed to show

---

[1] Petitioner appeared pro se at the merits hearing before the IJ on 30 January 2008. Petitioner had been granted several continuances because of problems with her counsel. The IJ refused Petitioner yet another continuance. Over a year -- and two continuances -- earlier, Petitioner had been advised to get new counsel and had been warned that she would have to proceed with her case with or without counsel.

that she suffered past persecution or a nexus between any alleged persecution and a protected ground.

The BIA affirmed: no clear error in the IJ's credibility determination had been shown. The BIA also concluded that the IJ's alternative finding that Petitioner failed to carry her burden to show persecution or that harm suffered in Armenia was on account of a protected ground also supported denial of relief.[2] Following a motion from Petitioner, the BIA reissued its order affirming the IJ's decision so that Petitioner could seek review of that order.

Petitioner also filed a motion to reopen based on ineffective assistance of counsel. The BIA denied that motion: Petitioner failed to meet the burden of showing that she suffered prejudice based on ineffective assistance of counsel. Petitioner filed no petition for review of the BIA's decision addressing her ineffective assistance of counsel claims set out in her motion to reopen.

In this Court, Petitioner's appellate brief raises substantive arguments related to the ineffective assistance of counsel claims raised in her motion to reopen before the BIA; Petitioner, however, fails to challenge the BIA's decision -- for which she did file a petition for review -- denying her request for asylum and

---

[2] Petitioner's claims to the contrary notwithstanding, the BIA determined that the IJ acted within his discretion in denying Petitioner another continuance to secure counsel.

3

withholding of removal. When more than one final order exists, a separate petition for review must be filed for each final order on which appellate review is sought. See Stone v. I.N.S., 115 S.Ct. 1537, 1544; 1549 (1995) (removal order and denial of reconsideration of removal order require two separate petitions for review which then can be consolidated on appeal); Jaggernauth v. U.S. Att'y Gen., 432 F.3d 1346, 1350-51 (11th Cir. 2005). Because Petitioner failed to file a petition for review of the BIA's order rejecting her ineffective assistance of counsel claims, we are without jurisdiction to review that order.

Petitioner did file a timely petition for review of the BIA order affirming the IJ's denial of asylum, withholding of removal and CAT relief. But Petitioner advanced no substantive arguments in her initial brief to us challenging that decision. "When an appellant fails to offer argument on an issue, that issue is abandoned." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005). Blanket statements that the IJ was wrong, without more, fail to preserve the issue on appeal. The crux of the IJ's decision was his adverse credibility determination. Petitioner fails to advance meaningful argument that the adverse

credibility determination was unsupported by substantial evidence.

PETITION DISMISSED IN PART; DENIED IN PART.